[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On May 30, 1995, the plaintiff, Angelo D. Joyner, an inmate at the Connecticut Correctional Institution at Cheshire, filed a pro se complaint against the defendant corrections officers, Valeraino, O'Keefe and Caluender, in their official and individual capacities for alleged civil rights violations arising under 42 U.S.C. § 1983.[1]
The plaintiff alleges the following facts in his complaint. On March 28, 1995, as the plaintiff was exiting a cell while holding law books and legal papers, officer Valeraino asked him to close the cell door. The plaintiff told Valeraino, "you can close it." Approximately five minutes later, Valeraino asked the plaintiff to close the cell door again. The plaintiff refused because "he was not the last one to come out of the cell." Valeraino threatened the plaintiff with a disciplinary report and insisted that he close the cell door. The plaintiff did not close the door. Later that day, Valeraino wrote a "bogus disciplinary report . . . with the intent to have [the plaintiff] placed in [segregation]." Officer O'Keefe "lied and co-signed the bogus disciplinary report. . . ."
On April 4, 1995, the plaintiff was afforded a disciplinary hearing[2] on the matter at which time he admitted he did not close the cell door. The plaintiff denied the charge of "impeding order", but pleaded guilty in exchange for a reduced charge of failing to obey a direct order.[3] As a result, the plaintiff was told that he could receive fifteen days loss of recreation and fifteen days loss of good-time credit; however, there is no allegation that the plaintiff was ever so penalized.
The plaintiff seeks the following relief: a declaratory judgment that the defendants' acts constitute deliberate indifference; a temporary injunction to prohibit the defendants from transferring assets and funds from their personal accounts; CT Page 11936 and compensatory and punitive damages, including costs and attorney's fees.
On July 24, 1995, the defendants filed a motion to dismiss the plaintiff's complaint in its entirety for lack of subject matter jurisdiction on the grounds that the action is barred by the doctrine of sovereign immunity.
The motion to dismiss is granted because there is no claim of injury.
Ronald J. Fracasse, Judge